UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| **VENGROFF INVESTMENTS, LP,** <br><br> **Plaintiff** <br><br> - versus - <br><br> **Motor Yacht KAMELOT, Official Number 528568, her engines, boilers, machinery, anchors, gear, equipment, and all other appurtenances,** *in rem* <br><br> **Defendant** | **MOTION FOR ORDER APPOINING** <br> <u>**SUBSTITUTE CUSTODIAN**</u> <br><br> 20 Civ. 1815 (RNC) |

Plaintiff, by its attorneys, Lennon, Murphy & Phillips LLC respectfully moves for an Order appointing Bridgeport Boatworks of Bridgeport, Connecticut as Substitute Custodian as follows:

1. It is contemplated that the United States Marshal will seize the Defendant vessel forthwith pursuant to a Warrant of Arrest to be issued by Order of this Court and issued by the Clerk.

2. The proposed Substitute Custodian has the ability and facilities and/or access to resources to provide all services required for the preservation, storage and safekeeping of the Motor Yacht KAMELOT, official number 528568, *in rem*.

3. In consideration of the Marshal's consent to the substitution of custody, Plaintiff will agree to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the said vessel. As shown in the attached affidavit of Harry Boardsen on behalf of Bridgeport Boatworks, the proposed Substitute Custodian agrees to hold harmless and indemnify the United States and the United States Marshal's Service from any and

all claims whatsoever arising out of the Substitute Custodian's negligence in possession and safekeeping.

Respectfully submitted this 8th day of December, 2020.


                                 LENNON, MURPHY & PHILLIPS LLC
                                 Attorneys for Vengroff Investments, LP

By: *[signature: Charles E. Murphy]*
                                 _____
                                 Charles E. Murphy

                                 1599 Post Road East
                                 Westport, CT  06880
                                 (203) 256-8600 – Tel.
                                 (203) 256-8615 – Fax
                                 cmurphy@lmplaw.net

# Declaration of the Proposed Substitute Custodian

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| VENGROFF INVESTMENTS, LP,<br><br>      Plaintiff<br><br>   - versus -<br><br>Motor Yacht KAMELOT, Official Number 528568, her engines, boilers, machinery, anchors, gear, equipment, and all other appurtenances, *in rem*<br><br>      Defendant | AFFIDAVIT OF<br>SUBSTITUTE CUSTODIAN |

HARRY BOARDSEN, declares pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an officer and co-owner of Bridgeport Boatworks, located at 731 Seaview Ave, Bridgeport, CT 06607.

2. Bridgeport Boatworks provides maintenance and repair services as well as indoor and outdoor storage for recreational and commercial vessels. Bridgeport Boatworks is part of a family or group of companies that offers similar services at three location. The other two companies are Noank Shipyard and Seaport Marine in Mystic.

2. The defendant Vessel has been at Bridgeport Boatworks since arriving here on November 20, 2020. At the request of Northeast Marine, acting for plaintiff Vengroff Investments LP, the Vessel was lifted out of the water to inspect possible hull damage and is currently still out of the water at our facility.

3. I believe that Bridgeport Boatworks has adequate facilities and supervision for and can safely keep and maintain the defendant Vessel in place of the United States Marshal during the pendency of this lawsuit and until further order of the Court.

4. In addition, on behalf of Bridgeport Boatworks, we agree to accept substitute custodianship of the defendant Vessel, her engines, boilers, machinery, anchors, gear, equipment, and all other appurtenances, etc. in accordance with the Order Appointing Substitute Custodian.

5. I understand that all costs and expenses incidental to Bridgeport Boatworks' keeping of the Vessel will be the sole responsibility of Bridgeport Boatworks and that the United States Marshal does not assume liability for the custodianship of the Vessel or for any expenses incidental thereto. I further understand that the United States Marshal does not assume any responsibility for the acts of Bridgeport Boatworks in caring for the Vessel during the course of this seizure and we release and indemnify the United States Marshal Service for all liability arising from Bridgeport Boatworks' acts as custodian.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 8, 2020.

HARRY BOARDSEN